UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE ALDRED,

    Petitioner,                                             Case No. 2:11-CV-14925

v.                                                         HON. AVERN COHN

THOMAS BIRKETT,

    Respondent.
_____/

## ORDER DISMISSING CASE AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Clarence Aldred, (Petitioner), is a state inmate at the Central Michigan Correctional Facility in St. Louis, Michigan. Petitioner is serving a sentence of ten to fifty years for one count of kidnaping, M.C.L. § 750.349; ten to fifteen years in prison for two counts of breaking and entering an occupied dwelling, M.C.L. § 750.110; ten to fifty years for three counts of criminal sexual conduct, first degree, M.C.L. § 750.520b(1)(c); and six to ten years in prison for one count of assault with intent to do great bodily harm less than murder, M.C.L. § 750.84. Essentially, Petitioner seeks to be released on parole. As will be explained, Petitioner's claims regarding his parole do not state a claim for habeas relief. Accordingly, the petition will be dismissed.

### II. Procedural History

Petitioner pleaded guilty to the above charges in the Oakland County Circuit Court and was sentenced to prison on October 1, 1985.

Petitioner alleges that in June of 2009, the Michigan Parole Board determined that he should be released on parole. However, the Oakland County Prosecutor filed an appeal of the Parole Board's decision and an application to stay the decision. On August 2, 2010, the state court granted the prosecutor's application, ruling that it would be an abuse of discretion for the Parole Board to release Petitioner on parole following the completion of the additional pre-release programming without first conducting a *de novo* review of Petitioner's parole eligibility. The Michigan Court of Appeals subsequently denied Petitioner's application for leave to appeal. *People v. Aldred,* No. 300391 (Mich. Ct. App. July 5, 2011). The Michigan Supreme Court rejected petitioner's subsequent application for leave to appeal essentially because he failed to timely pay the filing fee under M.C.L. § 600.2963. *See In re Aldred*, 800 N.W.2d 757 (2011). Petitioner moved for reconsideration, which was denied. *In re Aldred*, 802 N.W.2d 611 (2011).

Petitioner now seeks the issuance of a writ of habeas corpus, claiming that he has wrongly been denied parole release. Petitioner further contends that the Oakland County Prosecutor should be collaterally estopped from opposing petitioner's release on parole, as a result of the plea agreement that the Oakland County Prosecutor entered into with petitioner in 1985.

### III.  Analysis

### A.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to

2

dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

### B.

Petitioner's primary claim is that he has wrongfully been denied release on parole.  This fails to state a claim for habeas relief because it is well-established that There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987).  Stated simply, there is no federal constitutional right to be paroled. *See Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).  The Sixth Circuit has held that Michigan's parole statute does not create a liberty interest for a prisoner to be paroled prior to the expiration of his or her sentence. *See Crump v. Lafler*, 657 F.3d 393, 404-05 (6th Cir. 2011); *Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010); *Caldwell v. McNutt*, 158 Fed.Appx. 739, 740-41 (6th Cir. 2006), *Ward v. Stegall,* 93 Fed. Appx. 805, 806-07 (6th Cir. 2004)*; Carnes v. Engler,* 76 Fed.Appx. 79, 80 (6th Cir. 2003); *Sweeton v. Brown*, 27 F.3d 1162, 1164–165 (6th Cir.1994)(en banc).

Moreover, the mere fact that the Michigan Parole Board initially recommended granting parole to petitioner did not create an enforceable liberty interest in petitioner

being released on parole, thus, the Oakland County Circuit Court's subsequent decision to overrule the Michigan Parole Board did not violate petitioner's constitutional rights. In *Jago v. Van Curen*, 454 U.S. 14 (1981), the Supreme Court held that the Ohio Adult Parole Authority's decision to rescind their earlier decision to grant the respondent parole on or after a specified date did not constitute a deprivation of "liberty" within the meaning of that term as used in the Due Process Clause, in light of the fact that Ohio law created no protected liberty interest in respondent's release on parole. *Id.* at 17. Because Michigan prisoners have no liberty interest in being released on parole, the Oakland County Circuit Court judge's decision to overturn the Parole Board's decision to release petitioner on parole does not state a claim upon which habeas relief can be granted.

      Petitioner further argues that the Oakland County Prosecutor should be collaterally estopped from opposing petitioner's parole release, in light of the fact that the Prosecutor had agreed as part of the original plea agreement in 1985 that petitioner would serve a minimum sentence of ten years in prison for these crimes. However, Petitioner does not allege that there is any evidence to establish that the Oakland County Prosecutor agreed as part of the plea bargain that Petitioner would be released on parole at any time, only that the minimum sentence that would be imposed in exchange for Petitioner's plea would be ten years. As such, Petitioner has failed to show a breach of his plea agreement and the doctrine of promissory estoppel does not require his release on parole.[1]

---

     [1] To the extent that petitioner is claiming that his guilty plea to the underlying convictions should be set aside because the prosecutor has breached the plea

### IV. Conclusion

For the reasons stated above, the petition is DISMISSED WITH PREJUDICE dismissed for failure to state a claim.  Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). [2] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  November 28, 2011

I hereby certify that a copy of the foregoing document was mailed to Clarence Aldred, 159036, Pine River Correctional Facility, 320 N. Hubbard Street, St. Louis, MI 48880 and the attorneys of record on this date, November 28, 2011, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160

---

agreement, these claims would challenge the validity of petitioner's 1985 convictions, and not the decision by the state court to rescind his parole.  Such claims would have to be brought in a separate habeas petition.  *See Orozco v. Clark,* 705 F.Supp.2d 1158, 1169, n. 5 (C.D. Cal. 2010).

[2]  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.